```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
                                    :
MAECO CONSTRUCTION & PROPERTY       :   CIVIL ACTION NO. 06-2852 (MLC)
MANAGEMENT CO., INC.,               :
                                    :
     Plaintiff,                     :       MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
MT. HAWLEY INSURANCE COMPANY,       :
et al.,                             :
                                    :
     Defendants.                    :
                                    :
```

**THE COURT** having ordered the parties to show cause why the action should not be remanded to New Jersey state court (1) for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) pursuant to the doctrine of <u>Brillhart</u> abstention (dkt. entry no. 4); and it appearing that Ryan Fitzpatrick has brought an action in New Jersey state court against, among others, Maeco Construction & Property Management Co., Inc. ("MCPM"), to recover damages for personal injuries ("Personal Injury Action") (Compl., at 2-4); and MCPM bringing this action against Mt. Hawley Insurance Company ("MHIC") in New Jersey state court for a judgment declaring that MHIC, as its insurer, is obligated to defend and indemnify it in the Personal Injury Action ("Declaratory Judgment Action") (<u>id.</u> at 3); and MCPM also naming Fitzpatrick as a defendant in the Declaratory Judgment Action (<u>id.</u> at 1); and MHIC (1) removing the Declaratory Judgment Action to this Court based on jurisdiction under Section 1332 (Rmv. Not., at 3), and (2) bearing the burden of demonstrating

jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that MHIC is an Illinois citizen (Rmv. Not., at 1-2); but it appearing that MCPM, which is the plaintiff here, and Fitzpatrick, who is a defendant here, are New Jersey citizens (id.); and MHIC alleging that:

> Fitzpatrick's citizenship should be disregarded for purposes of determining whether the parties are diverse because Fitzpatrick is only a nominal party and/or was fraudulently joined as a party to this lawsuit in order to defeat diversity jurisdiction. . . . Alternatively, the parties should be realigned so that Fitzpatrick is designated a party plaintiff, as Fitzpatrick's interests are aligned with [MCPM's] interests

(id. at 2); but it appearing that Fitzpatrick is a necessary defendant in the Declaratory Judgment Action, as a judgment declaring whether MCPM will have insurance available to cover either a judgment entered against it, or a settlement agreement, will affect his interests, see N.J.S.A. § 2A:16-56 (stating when declaratory relief sought, all persons having or claiming interest that would be affected by declaration "shall be made parties to the proceeding"); and it appearing further that MCPM properly named Fitzpatrick as a defendant to protect itself, see N.J.S.A. § 2A:16-57 (stating declaratory judgment will not prejudice rights of non-party to proceeding); and it appearing that Fitzpatrick may not be designated as a plaintiff, as (1)

2

"plaintiffs in tort actions [generally] may not directly sue insurers," Cruz-Mendez v. ISU/Ins. Servs., 156 N.J. 556, 566-67 (1999), and (2) Fitzpatrick has no standing to bring a claim against MHIC until he has "received a judgment against the insured [(here, MCPM), and only then may he] pursue the insurer [(here, MHIC)] under the rights of the insured," Rapp v. Awany, 205 F.Supp.2d 279, 284 (D.N.J. 2002), see Rivera v. Alonso, No. 88-5529, 1989 WL 200989, at *1 (D.N.J. June 27, 1989) (same), In re Gardinier's Est., 40 N.J. 261, 265 (1963) (same), Kabinski v. Employers' Liab. Assur. Corp., 123 N.J.L. 377, 380 (N.J. 1939) (same); and thus it appearing that the plaintiff in the Declaratory Judgment Action — MCPM —  is not a "citizen[] of [a] different State[]" in relation to each defendant, i.e., Fitzpatrick, 28 U.S.C. § 1332(a)(1);[1] and

**THE COURT** being concerned further that either (1) MHIC is — or will be — named as a third-party defendant, or in some other capacity, in the Personal Injury Action, or (2) a determination as to any claims arising in the Declaratory Judgment Action will affect — and thus interfere with — the Personal Injury Action; and it appearing that if either is the case, then the Court must

---

[1] A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004).  Both MCPM and Fitzpatrick were New Jersey citizens when the Declaratory Judgment Action was commenced and, thus, will be considered citizens of New Jersey here.

3

abstain from exercising jurisdiction, see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and affirming abstention where insurer brought declaratory-judgment action in federal court against insured, and insured brought own action against insurer in state court), State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135-36 (3d Cir. 2001) (reversing district court order declining to abstain where insurer brought declaratory-judgment action in federal court, and insured brought action against insurer in state court), Franklin Commons E. P'ship v. Abex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action), see also Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, as deciding insurance-coverage issue raised in federal court would affect — and thus interfere with — underlying state-court issue); and

**THE COURT** advising the parties that the Court intended to remand the action to state court unless MHIC (1) demonstrated jurisdiction under Section 1332, (2) affirmed that it is not named in any capacity in the Personal Injury Action or a related state-court action, and (3) showed that a determination as to the claims in the Declaratory Judgment Action would not affect the Personal Injury Action (dkt. entry no. 4); and the Court further advising MHIC that if it is not named in any capacity in the

Personal Injury Action or a related state-court action, then it must affirm under penalty of sanctions that it will notify the Court electronically within five business days if the situation changes (id.);[2] and

**MHIC**, in response, stating that it "has decided that it will not oppose a remand of this matter to state court and will not therefore file a brief in response" (dkt. entry no. 5); and the other parties failing to respond to the Court's inquiry; and the Court thus intending to (1) grant the order to show cause, and (2) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

---

[2] It appeared that all of the issues presented in this order to show cause would be moot if MCPM were to (1) bring a third-party claim against MHIC in the Personal Injury Action, and (2) withdraw this separate Declaratory Judgment Action.

5